**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 15-cv-0687-WJM-NYW

LEONA SHABAZZ,

     Plaintiff,

v.

PINNACLE CREDIT SERVICES LLC, a Minnesota limited liability company,

     Defendant.

---

## ORDER ON DEFENDANT'S MOTION FOR REVIEW OF CLERK'S TAXING OF COSTS AND PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

---

     Plaintiff initiated this action on March 5, 2015, arising out of Defendant's alleged violations of the Fair Debt Collection Practices Act ("FDCPA"), specifically 15 U.S.C. § 1692e(2)(A), e(8), and e(10).  (ECF No. 1.)  Defendant sent Plaintiff an Offer of Judgement, which Plaintiff accepted on March 18, 2016.  (ECF Nos. 55, 55-1.)  Judgment was entered in favor of Plaintiff on March 22, 2016.  (ECF No. 57.)  On April 26, 2016, costs were taxed against Defendant in the amount of $3,362.94.  (ECF No. 62.)  Before the Court is Plaintiff Leona Shabazz's Motion for Attorneys' Fees, and Defendant Pinnacle Credit Services, LLC's Motion for Review of Clerk's Taxing of Costs.  (ECF Nos. 59, 58.)

## I.  COSTS & EXPENSES ANALYSIS

### A.  Legal Standard

     Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorneys'

fees—should be allowed to the prevailing party.  Rule 54 "makes the award of costs presumptive."  *Mitchell v. City of Moore*, 218 F.3d 1190, 1204 (10th Cir. 2000).  The final award of costs rests within the discretion of the court.  *Tilton v. Capital Cities ABC, Inc.*, 115 F.3d 1471, 1476 (10th Cir. 1997).  Additionally, "[t]he party seeking an award of costs bears the burden of showing the necessity of the costs incurred."  *Crandall v. City and Cnty. of Denver*, 594 F. Supp. 2d 1245, 1247 (D. Colo. 2009).  In determining whether costs are reasonably necessary to the litigation of the case, a court must not employ hindsight but instead look at the circumstances at the time the costs were incurred.  *In re Williams Sec. Litig.–WCG Subclass*, 558 F.3d 1144, 1148 (10th Cir. 2009).

**B.    Analysis**

1.    Defendant's Motion is Timely

Plaintiff asserts that Defendant's motion is untimely and should be denied for that reason.  (ECF No. 70 at 1.)  Under Local Rule 5.1(d) "[t]he time to respond or reply shall be calculated from the date of electronic service, regardless of whether other means of service are used.  The Notice of Electronic Filing (NEF) generated by CM/ECF constitutes a certificate of service."  D.C.COLO.CivR 5.1(d).  Here, the Court's records state that the NEF was generated on 4/27/2016 at 8:50 AM MDT; thus, the date of electronic service is April 27, 2016.  (ECF No. 62.)  Under Rule 54(d)(1), Defendant has seven days to file a motion with the Court to review the Clerk's action.  Fed. R. Civ. P. 54(d)(1).  Defendant filed the instant motion on May 4, 2016, precisely seven days from the date of electronic service.  (ECF No. 68.)  Thus, Defendant's motion is timely.

2.    Meet and Confer Efforts Were Sufficient

Plaintiff asserts that Defendant failed to confer with Plaintiff prior to filing its motion and should be denied for that reason.  (ECF No. 10 at 2.)  Under Local Rule 54.1, "[a]fter filing a bill of costs and prior to appearing before the clerk, counsel and any unrepresented party seeking costs shall file a written statement that they have conferred as to disputes regarding costs."  D.C.COLO.CivR 54.1.  The Court finds that Defendant's efforts to meet and confer were previously directed at the issue now before the Court.  While the Court is generally concerned with whether the efforts made were sufficiently robust and transparent, the Court finds for the purposes of the instant motion that they were adequate.

      3.    <u>Deposition Transcripts Were a Required Expenditure</u>

The Clerk taxed Plaintiff's deposition costs associated with the various deponents: Plaintiff Leona Shabazz, Valerie Bartosh, Jacqueline Betzold, Tonya Larkin, Gregory Gruett, and Robert Castle.  (ECF No. 58).  The costs at issue here involve expenses covering the transcribing of five of those depositions.  (ECF No. 68 at 3.) Defendant argues that Plaintiff has made no showing that the deposition transcripts were necessarily obtained for use in the case at the time that they were ordered.  (ECF No. 68 at 3–4.)  The total amount objected to is $2,612.25.  (ECF No. 68 at 2.)

Whether materials are necessarily obtained for use in the case is a question of fact.  *Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1340 (10th Cir. 1998).  When a "deposition was reasonably necessary to the litigation, the resulting costs are generally allowable."  *Karsian v. Inter-Regional Fin. Grp., Inc.*, 13 F. Supp. 2d 1085, 1088 (D. Colo. 1998).  However, if the deposition was taken "simply for discovery purposes, then costs are not recoverable."  *Id.*  In *Callicrate*, the court noted:

> [C]aution and proper advocacy may make it incumbent on counsel to prepare for all contingencies which may arise during the course of litigation which include the possibility of trial . . . .  We will not, therefore, attempt to employ the benefit of hindsight in determining whether an otherwise taxable item was necessarily obtained for use in the case. Rather, we hold that such a determination must be made based on the particular facts and circumstances at the time the expense was incurred.

139 F.3d at 1340.

Here, Plaintiff ordered the transcripts at the time that the depositions were taken. (ECF No. 58-2.)  The depositions were taken roughly two months prior to the dispositive motion deadline.  (ECF No. 48).  Plaintiff contends that he took the five depositions of Defendant's witnesses because "they were either disclosed by Defendant as having knowledge regarding the facts in this case and Plaintiff's FDCPA claim and/or Defendant's defenses or they were identified in response to discovery requests as having knowledge regarding the facts in this case."  (ECF No. 70 at 8.)  Given that Plaintiff took these depositions just prior to the dispositive motion deadline, and that all deponents were Defendant's fact witnesses, the Court finds that the deposition transcripts for which costs were requested appear reasonably necessary for the preparation of, and use in, litigation at the time they were taken.[1]

    4.    Proportionality

Defendant claims that Plaintiff's case "was not marshaled with proportionality" in

---

[1] The Court is aware that other judges in this district have followed a more restrictive approach requiring the party requesting deposition costs to proffer a specific justification for incurring the cost of transcription.  *See Crandall v. City and Cnty. of Denver*, 594 F. Supp. 2d 1245, 1250 (D. Colo. 2009); *see also Tivis v. Dowis*, 2016 WL 695933 (D. Colo. Feb. 22, 2016); *David v. Sirius Computer Solutions*, 2014 WL 10896989 (D. Colo. Mar. 7, 2014).  The Court respectfully declines to follow those decisions.

mind.  (ECF No. 74 at 2.)  Defendant asserts that "[t]here is no escaping the inevitable and logical deduction that if the FDCPA did not provide for the recovery of attorneys' fees and costs, no rational client would authorize or pay fees or costs several times the maximum recoverable value."  (ECF No. 74 at 3.)  Plaintiff responds that Defendant does not provide any authority or basis for its proportionality argument as none exists other than *ipse dixit*.  (ECF No. 70 at 3.)  Moreover, Plaintiff argues "awards in civil rights and consumer protection matters regularly vastly exceed the plaintiff's recovery." (ECF No. 71 at 2 (citing *United States Football League v. National Football League*, 887 F.2d 408, 415 (2nd Cir. 1989) (awarding $5.5 million fee award on $3.00 recovery) and *Norton v. Wilshire Credit Corp.*, 36 F. Supp. 2d 216, 220 (D.N.J. 1999) (rejecting proportionality in awarding $58,000 in fees in an FDCPA case)).)

As for costs, Defendant argues that Plaintiff's counsel did not seek discovery proportional to the needs of the case, specifically referencing the five out-of-state depositions taken by Plaintiff.  (ECF No. 74 at 3 (citing Fed. R. Civ. P. 26(b)(1).) Plaintiff responds that failing to fully engage in discovery would result in malpractice and "violate Plaintiff's counsel's obligations to his client."  (ECF No. 70 at 9.)

The Scheduling Order permits each party to take up to five depositions per side. (ECF No. 22 at 6.)  Thus, the Court finds that Plaintiff's discovery efforts were within this Court's discovery limitations, and that Plaintiff's depositions of Defendant's five fact witnesses were reasonable and proportional in light of the issues at stake.

For the foregoing reasons, Defendant's Motion for Review of Clerk's Taxing of Costs is denied.

## II.  ATTORNEYS' FEES ANALYSIS

5

A.     **Legal Standard**

Motions for attorneys' fees are governed by Federal Rule of Civil Procedure, 54(d)(3).  Under the FDCPA, such awards are granted to successful litigants pursuant to 15 U.S.C. § 1692k(a)(3).

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonably hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  This is commonly referred to as the "lodestar method" for calculating fees.  *Id*.

The party requesting fees has the burden to "prove and establish the reasonableness of each dollar, each hour, above zero" and bears the burden of providing the required documentation and demonstrating that the fees requested are reasonable.  *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1201 (10th Cir. 1986).  The best evidence of reasonable fees is "meticulous time records that 'reveal . . . all hours for which compensation is requested and how those hours were allotted to specific tasks.'" *Id*. (quoting *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983)).

Counsel should exercise "billing judgment" prior to submitting a fee request to eliminate any needless, excessive, or redundant hours.  *Hensley*, 461 U.S. at 434.  Billing judgment should also take into account the experience and relative skill of the billing attorneys.  *Id*.  Additional factors to determine a fee's reasonableness include "the complexity of the case, the number of reasonable strategies pursued, . . . the responses necessitated by the maneuvering of the other side," any potential duplicative services, and whether the hours would "normally be billed to a paying client."  *Ramos*, 713 F.2d at 554.  Assessment of attorneys' fees is a discretionary one and the district court "need

not identify and justify every hour allowed or disallowed" with respect to legal services rendered. *Malloy*, 73 F.3d at 1018. Doing so would only run counter to the "Supreme Court's warning that a request for attorneys' fees should not result in . . . major litigation." *Id*.

As for the hourly rate, the Tenth Circuit has indicated that "the court must look to 'what the evidence shows the market commands.'" *Burch v. La Petite Academy*, Inc., 10 F. App'x 753, 755 (10th Cir. 2001) (quoting *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1255 (10th Cir. 1998)). The "local market rate" is usually defined by the state or city in which the case is litigated. *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998) (looking at the "the prevailing market rates in the relevant community"); *Case*, 157 F.3d at 1256 (looking at fees lawyers charge in the area in which the litigation occurs). The party requesting fees must also provide evidence of the prevailing market rate for similar services by "lawyers of reasonably comparable skill, experience, and reputation" in the relevant community. *Ellis*, 163 F.3d at 1203.

Once the Court determines the lodestar, it may "adjust the lodestar upward or downward to account for the particularities" of the work performed. *Phelps v. Hamilton*, 120 F.3d 1126, 1131 (10th Cir. 1997). The Court is not required to reach a lodestar determination in every instance, however, and may simply accept or reduce a fee request within its discretion. *Hensley*, 461 U.S. at 436–37.

**B.   Fees Claimed**

1.   <u>Reasonable Billing Rate</u>

Plaintiff seeks an hourly rate of $300. (ECF No. 59 at 5.) In support of her motion, Plaintiff submits that her attorney, Mr. David Larson, has practiced law in the

State of Colorado and this District since 2001.  (ECF No. 59 at 6.)  Mr. Larson has filed

and resolved over 2,300 FDCPA cases.  (ECF No. 59 at 9.)  Plaintiff has also submitted

the affidavit of Richard Wynkoop, a fellow FDCPA practitioner, in support of her

attorneys' fee motion.  (*See* ECF No. 59-2.)  Mr. Wynkoop opines that $300/hour is

consistent with the market rate for attorneys in this District with comparable skill and

experience to that of Mr. Larson.  (ECF No. 59-2 at 2.)

Defendant disagrees with this rate, and requests the Court to reduce Mr.

Larson's hourly rate to $250.  (ECF No. 67 at 3.)  Defendant cites to cases where Mr.

Larson has previously sought $250 per hour.  (ECF No. 67 at 3 (citing *Castro v. First*

*Nat'l Collection Bureau, Inc.*, 2012 WL 4468318 (D. Colo. Sept. 27, 2012) and *White v.*

*Cavalry Portfolio Serv., LLC*, 2012 WL 899280 (D. Colo. Mar. 16, 2012)).)  However, the

applicable market rate has changed since 2012, and Plaintiff's counsel has continued

litigating FDCPA cases since the cited cases were resolved.

Moreover, numerous cases in the District of Colorado have found that $300 is a

rate reflective of the current prevailing market rate in the local community–particularly  in

the context of FDCPA litigation.[2]  Indeed, over the past year, six  other judges from this

District have found $300 to be a reasonable rate for Mr. Larson.  *See Tolman v. Stellar*

*Recovery, Inc.*, 2016 WL 4717982 (D. Colo. Sept. 6, 2016);  *Madrid v. Stellar Recovery,*

*Inc.*, 2016 WL 3220977 (D. Colo. June 3, 2016);  *Silva v. Coast to Coast Fin. Solutions,*

*Inc.*, 2015 WL 6172131 (D. Colo. Mar. 30, 2016);  *Fisher v. Stellar Recovery, Inc.*, 2016

---

[2] While broad discretion is involved in assessment of attorneys' fees, that discretion is somewhat cabined by what others in this district have also found to be reasonable given that the Court looks to the market rate in the local community.  *White*, 2012 WL 899280, at *2.

WL 852815 (D. Colo. Mar. 3, 2016);  *Sandoval v. Stellar Recovery, Inc.*, 2016 WL

74941 (D. Colo. Jan. 7, 2016);  *Harper v. Stellar Recovery, Inc.*, 2015 WL 7253239 (D.

Colo. Nov. 16, 2015).

 Accordingly, this Court finds Mr. Larson's hourly rate of $300 reasonable in the

instant case.

  2. <u>Number of Reasonable Hours</u>

 Plaintiff's counsel, Mr. Larson claims that he expended 117.1 hours on this

matter.  (ECF No. 71 at 10.)  Defendant argues that the time expended by counsel on

this matter is excessive in light of the relative amount in controversy and the relative

simplicity of the case.  (ECF No. 67 at 4–5.)  Defendant requests a reduction of fees

requested by Plaintiff's counsel for "tasks and circumstances that were unnecessary or

that were created by counsel" and for "tasks that were clerical in nature or would require

a skilled practitioner far less time than the amount billed."  (*Id*. at 6.)  Because of Mr.

Larson's extensive experience litigating routine FDCPA cases, Defendant argues that "it

is their routine nature that allows counsel to capitalize on the economies of scale,

thereby theoretically reducing expenditures."  (*Id*. at 4.)  Lastly, Defendant argues that

the attorneys' fees requested must be reduced as they are not proportional to the

circumstances of the case and the "case cries out for a downward adjustment of the

lodestar amount."  (Id. at 11–13.)  Plaintiff replies that "FDCPA attorney's fees are never

proportional to the amounts awarded," that his "records are sufficiently detailed," and

that the hours billed were reasonable.  (ECF No. 71 ¶¶ 2, 10–11, 14, 21–23.)

 The Court agrees with Defendant that Plaintiff's fee request is excessive.  The

undersigned has previously cited U.S. District Judge R. Brooke Jackson's September

24, 2012 Order on Mr. Larson's Motion for Attorneys' Fees as helpful to the present

analysis.  *See Sanchez v. Stellar Recovery, Inc.*, 2015 WL 3646893 (D. Colo. June 11,

2015).  In his Order, Judge Jackson notes that Mr. Larson should be able to efficiently

litigate FDCPA matters:

> This is not complex litigation.  Mr. Larson has filed an
> astonishing number of these cases in this district alone . . . .
> Mr. Larson, as apparently one of the leading specialists in
> this type of litigation, deserves to be reasonably
> compensated.  However, the fact is that this is high volume,
> small dollar, non-complex litigation.  The efficiencies of scale
> that Mr. Larson has achieved, to his credit, sometimes
> enable him . . . to "investigate" the facts, prepare pleadings,
> and negotiate settlements with small investments of time.
> Such was the case here.

*Ellis v. Midland Credit Mgmt., Inc.*, 2012 WL 4356251, at *4 (D. Colo. Sept. 24, 2012).

The Court finds some of Mr. Larson's time entries in this matter to be excessive.

For example, Mr. Larson spent 4.1 hours drafting six deposition notices; 1.2 hours

drafting "stock" discovery requests; 4 hours drafting the instant motion; and 4 hours

drafting the instant motion's reply brief.  (ECF No. 59-1; ECF No. 67 at 10.)  Defendant

claims "Plaintiff's counsel uses economies of scale for the purpose of reducing costs

and expenses."  (ECF No. 67 at 10.)  Defendant contends that in parallel litigation

against Defendant, Plaintiff sent "similar stock discovery requests" and his review of

Defendant's disclosure documents should be reduced as the documents were "nothing

unfamiliar to Plaintiff's counsel."  (ECF No. 67 at 10.)  Further, Mr. Larson's time spent

reviewing brief docket entries or completing clerical tasks, such as his review of the

return of service, review of an unopposed motion for extension of time, and mailing

deposition notices, also warrant close scrutiny.  (ECF No. 59-1 at 2, 8, 9.)

10

Mr. Larson evidently takes advantage—as he should—of the similar legal issues that arise in many FDCPA matters through the use of form pleadings, motions, and discovery requests.  These "efficiencies of scale" should allow Mr. Larson to spend a nominal amount of time on such routine matters.  *Ellis*, 2012 WL 4356251, at *8.  Mr. Larson's billings, however, do not reflect this reality.

As noted earlier, Defendant contends that Mr. Larson billed for tasks that are purely "clerical in nature."  (ECF No. 67 at 6.)  Although Mr. Larson did not charge for many of the purely administrative tasks, such as filing documents with the Court, there are a few entries that appear to be for tasks that could have been performed by clerical staff.  (*See generally* ECF No. 59-1.)  For example, there are numerous entries stating "email to defense counsel re case" or "phone call to defense counsel re case" without any indication that there was any substantive message involved.[3]  (*See generally* ECF No. 59-1.)  These e-mails could have been administrative in nature, such as scheduling a time with defense counsel to conference in a call to the Court.[4]  It is Plaintiff's burden to substantiate his bills by presenting meticulous time records that show how his time was spent.  *Case*, 157 F.3d at 1250.  Similarly, Plaintiff charged 0.2 hours for placing a phone call to a court reporter in Minnesota regarding the depositions of Defendant's witnesses, and charged 0.2 hours for time spent scheduling airfare to Minnesota to take

---

[3] As opposed to more detailed entries, such as "emails to defense counsel re motion to strike," and "email to defense counsel re re-opening deposition."  (ECF No. 71-6 at 1; ECF No. 59-1 at 13.)

[4] In fact, on November 25, 2015, Plaintiff charged .4 hours for sending two e-mails (four sentences in total length combined) to Defendant regarding contacting Judge Wang's chambers to determine available discovery dispute hearing dates for the instant case and parallel litigation involving Defendant.  (ECF No. 59-1 at 6; ECF No. 71-2 at 1-2.)

those depositions.  (ECF No. 59-1 at 9.)  "[P]urely clerical or secretarial tasks should not be billed at a paralegal [or associate] rate, regardless of who performs them."  *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989).

The Court accordingly finds that Plaintiff's fee request is excessive, and warrants a 20% reduction to account for Mr. Larson's inefficiencies in handling this matter and for inappropriately charging for clerical tasks.  While the Court must specify the reasons underlying its fee award, "[a] general reduction of hours claimed in order to achieve what the court determines to be a reasonable number is not an erroneous method, so long as there is sufficient reason for its use."  *McInnis v. Fairfield Communities, Inc.*, 458 F.3d 1129, 1147 (10th Cir. 2006) (quoting *Mares*, 801 F.2d at 1203).  As discussed above, this reduction accounts for any needless and otherwise unnecessary time spent drafting and reviewing routine documents, and completing administrative tasks. *Hensley*, 461 U.S. at 434.  Applying the 20% reduction, the reasonable billable hours amounts to 93.68.

Multiplying the number of hours reasonably expended (93.68) by the reasonable hourly rate ($300) results in a lodestar fee award of $28,104.  The Court further finds that no special circumstances exist here to warrant adjustment of the lodestar amount. *Anchondo v. Anderson, Crenshaw & Assocs., LLC*, 616 F.3d 1098, 1102 (10th Cir. 2010) (stating that the lodestar amount is "presumptively reasonable").

The Court will therefore award Plaintiff $28,104 in attorneys' fees, rather than $35,130 as Plaintiff's Motion for Attorneys' Fees requests.

### III.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.    Defendant's Motion for Review of Clerk's Taxing of Costs (ECF No. 68) is

       DENIED;

2.    Plaintiff's Motion for Attorneys' Fees (ECF No. 59) is GRANTED in part; and

3.    Plaintiff is AWARDED $28,104 in attorneys' fees.

       Dated this 23rd day of November, 2016.

                                                    BY THE COURT:


                                                    _____
                                                    William J. Martínez
                                                    United States District Judge